OPINION
{¶ 1} On August 23, 1993, appellant, Gloria Kay Lee, executed and delivered to appellee, GMAC Mortgage Corporation of PA, a promissory note and a mortgage in the amount of $45,000.00. Appellee maintained a first and best lien on appellant's property located on Birchdell Avenue in Canton, Ohio.
 {¶ 2} Over time, appellant failed to make the required payments. Appellee sent appellant a thirty day demand letter. Appellant failed to remit the required sum and as a result, the loan was accelerated.
 {¶ 3} On February 15, 2005, appellee filed a foreclosure action. Appellant filed an answer and counterclaim on March 22, 2005. Both parties filed motions for summary judgment; appellant on her counterclaim and appellee on its complaint and appellant's counterclaim. By judgment entry filed September 2, 2005, the trial court granted appellee's motion for summary judgment and denied appellant's motion.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "THE TRIAL COURT COMMITTED ERROR BY GRANTING THE MOTION FOR SUMMARY JUDGMENT FILED BY APPELLEE."
 I {¶ 6} Appellant claims the trial court erred in granting appellee's motion for summary judgment and in denying her motion. We disagree.
 {¶ 7} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins,75 Ohio St.3d 447, 448, 1996-Ohio-211:
 {¶ 8} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex.rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 9} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35.
 {¶ 10} A movant for summary judgment bears the burden of proving that no genuine issue of material fact exists and he/she is entitled to judgment as a matter of law. AAAA v. River PlaceCommunity (1990), 50 Ohio St.3d 157. The moving party bears the initial burden of demonstrating the basis for its motion.Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. The only manner in which the movant can meet such a burden is to present some evidentiary materials permitted by Civ.R. 56(C). Id. at 292-293. In Dresher at 293, the Supreme Court of Ohio held the following:
 {¶ 11} "[A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party."
 SUMMARY JUDGMENT ON THE COMPLAINT {¶ 12} Appellee filed a motion for summary judgment on the complaint claiming the note was "presently in default for failure of payment," and the last mortgage payment received was on November 15, 2004 for the October 1, 2004 payment. See, Dufner Aff. at ¶ 7, attached to Plaintiff's August 1, 2005 Motion for Summary Judgment as Exhibit A. Included within appellee's response to appellant's motion for summary judgment is a print out of the account. See, Plaintiff's August 26, 2005 Memorandum in Opposition to Defendant's Motion for Summary Judgment at Exhibit 1.
 {¶ 13} In appellant's own motion for summary judgment, she avers in her affidavit that she "made all her monthly payments in full and on a timely basis." See, Lee Aff. at ¶ 3, attached to Defendant's July 29, 2005 Motion for Summary Judgment as Exhibit A. In support of this claim, appellant attached the same print out of her account, but the print out stopped before the claimed date of non-payment (November 1, 2004).
 {¶ 14} Based on the exhibits presented, we do not find that a genuine issue of material fact exists on the issue of non-payment since November 1, 2004. Therefore, we conclude appellee met its burden to justify summary judgment on the complaint.
 {¶ 15} Upon review, we find the trial court did not err in granting summary judgment to appellee on the complaint.
 SUMMARY JUDGMENT ON THE COUNTERCLAIM {¶ 16} Appellant based her counterclaim on the fact that appellee wrongfully charged her account with homeowner insurance and property tax payments. In her affidavit at ¶ 4 and 13, appellant states she personally paid her homeowners insurance and real estate taxes.
 {¶ 17} Appellant acknowledges that appellee notified her of forced insurance payments via a letter dated June 20, 2002, but she claims she contacted appellee "and notified them of the insurance she already [had] in place on the Property." See, Lee Aff. at ¶ 7 and 8. Attached to appellant's motion for summary judgment as Exhibit 1 are various insurance declarations from August 1995 to December 1998 and one dated March 7, 2005. None of these declarations are proof of payment of insurance nor do they cover the time from 2002 to 2004 when the forced insurance payments were put into effect. The motion does not include any proof of payment of real estate taxes.
 {¶ 18} Based on the exhibits presented, appellant did not produce proof of payment of insurance or real estate taxes. Therefore, we conclude appellant did not meet her burden to justify summary judgment on the counterclaim.
 {¶ 19} Upon review, we find the trial court did not err in denying appellant's motion for summary judgment on the counterclaim.
 {¶ 20} The sole assignment of error is denied.
 {¶ 21} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
Farmer, P.J. Edwards, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.